**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. 5:05-1275(1) |
| | § | |
| JERRICK MORENO, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
<u>DENYING LETTER MOTION WITHOUT PREJUDICE</u>**

On October 28, 2009, the Clerk received from Defendant Jerrick Moreno a letter motion in which he asks to be informed whether he will or will not receive credit against his federal sentence for time served in a county jail. At the Court's direction, the United States Probation Office provided a letter response to Moreno dated November 16, 2009. In that response, Moreno was informed that, because the time he spent in county jail was credited to his state sentence, he would not receive credit against his federal sentence for that time. (November 16, 2009 Letter from U.S. Probation Officer Jo Ann Torres-Cadena, citing to 18 U.S.C. § 3585.)

Although Moreno has received a response from the Probation Office responding to his direct question, his letter has been docketed as a motion and is pending before the Court. To the extent that Moreno seeks relief in the form of a modification of his sentence, his motion is DENIED. Notably, neither the digital recording of the sentencing nor the judgment in this case reflect any instruction by the Court that his federal sentence should run

1

concurrently with his state sentence, or that Moreno should receive credit against his federal sentence for time served as part of his state sentence. Moreno has not cited any grounds that would warrant modification of his sentence, and thus the Court is without authority to modify it. United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997) (district court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c)).

Additionally, to the extent that Moreno is attempting to challenge the Bureau of Prisons' computation of his sentence, his challenge should be brought in a motion pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Defendant's letter does not clearly indicate an intent to file a § 2241 petition. To the extent his motion could be so construed, it is DENIED WITHOUT PREJUDICE to his ability to file a proper § 2241 petition after first fully exhausting his administrative remedies. To that end, the Clerk is directed to provide a blank § 2241 petition to Moreno with his copy of this Order.

## CONCLUSION

For the foregoing reasons, to the extent Defendant's letter motion can be construed as requesting a reduction or modification of his sentence, it is DENIED. If he wants to challenge the Bureau of Prisons' computation of his sentence, he should do so through a petition for writ of habeas corpus under 28 U.S.C. § 2241. The Clerk is directed to send Moreno a blank § 2241 petition with his copy of this Order.

It is so ORDERED this 11th day of December, 2009.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE